## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **NICOLE SANDERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:15-cv-426 |
| v. ) | |
| ) | **COMPLAINT FOR INJUNCTIVE** |
| **ANA M. GUZMAN, DENNIS CROWSON,** ) | **AND DECLARATORY RELIEF** |
| **SHERI RICH, ERIKAH BROWN, and** ) | **AND DAMAGES** |
| **DOUG PECK,** ) | |
| ) | |
| Defendants. ) | |

## I.     INTRODUCTION

1.      Although the Supreme Court has repeatedly affirmed that "state colleges and universities are not enclaves immune from the sweep of the First Amendment," *Healy v. James*, 408 U.S. 169, 180 (1972), Blinn College has prevented Plaintiff Nicole Sanders from freely expressing her political beliefs on campus.

2.      Blinn College, a public institution bound by the First Amendment, has adopted and enforced excessive restrictions on the rights of students and student organizations. Blinn College limits student speech in open areas of its campus to a tiny "free speech zone" – a section of pavement the size of a parking space. This restriction on expression ignores the well-settled principle that neither "students [nor] teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503, 506, 511 (1969).

3.      Blinn College enforces this restriction to silence student speech protected by the First Amendment.  When Plaintiff displayed a handwritten poster that read "Defend Gun Rights on Campus," an administrator, accompanied by three policemen, approached Plaintiff to inform

her that she couldn't demonstrate without authorization and that the administrator doubted she could get the required permission to raise issues about gun rights.

4.      Further, Blinn College unconstitutionally restricts the free expression of its students by requiring student organizations to request permission to hold any meeting, whether on or off campus.  Finally, Blinn College administrators must approve ***any*** written material that will be distributed to students, even discussion materials for a student organization meeting. These restrictions on expressive activity have been applied to the Plaintiff's speech and have limited her ability to communicate with fellow students.

5.      This is a civil rights action to protect and vindicate the First and Fourteenth Amendment rights of Nicole Sanders and her fellow students at Blinn College.  By policy and practice, Blinn College unlawfully restricts students' constitutional right to free expression and has acted in the past to restrict Plaintiff's constitutional rights.  Accordingly, Blinn College's policies and enforcement practices are challenged on their face and as applied to Plaintiff.

## II.      JURISDICTION AND VENUE

6.      This action arises under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

7.      This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

8.      This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

9.      This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

10.      This Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

11.     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

### III.     PLAINTIFF

12.     Plaintiff Nicole Sanders is a resident of Brenham, Texas and a student at Blinn College.  Sanders is the founder and president of the Young Americans for Liberty chapter at Blinn College.

### IV.     DEFENDANTS

13.     Defendant Ana M. Guzman is the Interim District President of Blinn College, a public institution operating under the laws of Texas.  She is Blinn College's chief executive officer, responsible for the college's administration and policy-making, and she has ultimate authority to approve the policies and procedures challenged herein that were applied to deprive Plaintiff of her constitutional rights.  Defendant Guzman acted under color of state law and is sued for injunctive relief in her official capacity.

14.     Defendant Dennis Crowson is Senior Vice President of Student Services at Blinn College.  Defendant Crowson acted under color of state law and is sued in his official capacity.

15.     Defendant Erikah Brown is Coordinator of Student Clubs and Activities at Blinn College.  Defendant Brown acted under color of state law and is sued in both her personal and official capacities.

16.     Defendant Sheri Rich is Coordinator of the Student Center and Campus Events at Blinn College.  Defendant Rich acted under color of state law and is sued in both her personal and official capacities.

17.     Defendant Doug Peck is a professor at Blinn College.  Defendant Peck acted under color of state law and is sued in both his personal and official capacities.

## V.        STATEMENT OF FACTS

### A.        Unconstitutional "Free Speech Area" and Prior Restraint Imposing Approval for Student Expressive Activities

18.        The Blinn College YAL chapter is a registered student organization.  YAL is a "pro-liberty organization on America's college campuses" that has "more than 600 YAL chapters and 204,000 youth activists nationwide."  *See* http://www.yaliberty.org/about.

19.        In February 2015, Plaintiff planned to engage in recruitment efforts to add members to the YAL chapter she was forming at Blinn College.

20.        In the last week of January, Plaintiff met with Defendant Brown to discuss her plans to recruit students to join YAL outside the student center the following week.

21.        Defendant Brown informed Plaintiff that she could engage in recruitment in the area around the Blinn College Student Center and did not need any permission as long as she did not use a table.

22.        As instructed, on February 2, 2015, Plaintiff, along with a companion, Chris Bradford, stood with two signs for an hour and a half outside the Blinn College Student Center. One sign read "LOL" with the Obama presidential campaign logo in place of the "O."  The second sign stated "Defend Gun Rights on Campus" with "Young Americans for Liberty" at the bottom. *See* Ex. A.

23.        Afterward, Plaintiff and Bradford were approached in the Student Center by Defendant Rich and three uniformed, armed campus police officers.  Defendant Rich told Plaintiff that she had received an email complaining about the Plaintiff's activities and that she could no longer collect signatures or display her signs without "special permission."

24.        When Bradford questioned whether they could be prevented from approaching students outside at a public college, Rich responded that Blinn was "private." When Bradford

asked where he could see the policy that prohibited them from expressing themselves in an open area, Defendant Rich replied: "Not on campus. Period. Without special permission and I don't know that you can get special permission."

25.     Defendant Rich told Plaintiff that she could not give the needed permission but that it would have to come from then-Dean of Student Life Mordecai Brownlee before Plaintiff could engage in expressive activities on campus.

26.     Defendant Rich admitted she did not know the specific policy that prevented Plaintiff from recruiting YAL members on campus. She referred Plaintiff to Dean Brownlee, saying he could explain the policy because "we've had to chase people off before."

27.     Defendant Rich said she was not against guns but "on campus, I'm not so sure."

28.     Later that day, Plaintiff emailed Brownlee to inform him that a Blinn College administrator and campus police had prevented her from recruiting for her YAL chapter. Plaintiff asked Brownlee which Blinn College policies she had violated.

29.     Brownlee responded the following day, on February 3, 2015, and referred Plaintiff to two college policies.  First, Brownlee informed Plaintiff that she had not obtained the requisite "official event request" approval before soliciting student membership.  Second, Brownlee referred Plaintiff to the college's "institutional protocol regarding time, place, and manner restrictions."

30.     Pursuant to a policy titled "Student Expression: Student Use of College District Facilities" (hereinafter "Facilities Policy") that Brownlee provided to Plaintiff, all Blinn College students must request and obtain permission from the Blinn College Vice President of Student Services, Defendant Crowson, to "meet on College District premises."  *See* Ex. B  Failure to comply with Blinn College's Facilities Policy results in disciplinary action against the student,

including suspension of a student's or a registered student organization's use of campus facilities.

31.     If a student or registered student organization wants to have an activity on College District premises, they request permission from the Student Leadership and Activities Office one month in advance to ensure that administrators can circulate the request to four different departments for approval.  *See* Ex. C (13.4.1 Applications for Use of Facilities).

32.     Requests are made via an "Activity Request Form."  *See* Ex. D.  The Activity Request Form is required for all student activities, whether on or off-campus, except for regularly scheduled club meetings.  Students and registered student organizations must submit an "Activity Report Form" to the Blinn College Student Leadership and Activities Office following any on- or off-campus event, including regular group meetings.  *See* Ex. E.

33.     The same policy further provides that a student or registered student organization may only engage in expressive activities that have not gone through this approval process in a designated "Free Speech Area."

34.     The Blinn College "Free Speech Area" is an approximately 190 square foot concrete corner outside the Blinn College Student Center, divided by a bulletin board.  *See* Ex. F. The location of the Blinn College Free Speech Area is illustrated on the attached Blinn College campus map, outlined in red.  *See* Ex. G.  Plaintiff estimates that the Free Speech Area comprises less than 0.007 percent of Blinn College's 62-acre Brenham campus.

35.     Blinn College has many open areas and sidewalks beyond the "Free Speech Area" where student expressive activity, including distribution of literature, would not interfere with or disturb access to college buildings or sidewalks, impede vehicular or pedestrian traffic, or in any way substantially disrupt the operations of campus or the college's educational functions.

36.     Plaintiff wishes to freely engage in expressive activities, including displaying posters and handing out flyers on campus, without being limited to the Blinn College "Free Speech Area."

37.     Plaintiff has been deterred from engaging in such activities outside the "Free Speech Area" since being told by Defendants Rich and Brownlee on February 2 and February 3, 2015 that she needed permission to display posters or leaflets outside the Free Speech Area for fear that she will be disciplined.

### B.     Unconstitutional Flyer Approval Process

38.     Blinn College requires that all material distributed on campus be approved by college officials.

39.     In late February 2015, Plaintiff submitted a palm card she created regarding individual rights under the Fifth Amendment for approval by the Office of Student Life.  *See* Ex. H.

40.     To date, Plaintiff has not received direct notification of approval. Plaintiff emailed Defendant Brown on April 8, 2015, to inquire about the status of her request but received no reply.  On April 13, 2015, Plaintiff was informed by YAL's adviser Keith Carlson that her palm card had been approved by the Office of Student Life.

41.     Pursuant to a policy titled "Student Rights and Responsibilities: Student Expression" (hereinafter "Student Expression Policy"), the Blinn College Vice President of Student Services, Defendant Crowson, "shall designate times, locations, and means by which non-school literature that is appropriate for distribution … may be made available or distributed by students or registered student organizations to students or others at College District facilities." *See* Ex. I.

42.      The Student Expression policy also lacks time limits governing how long administrators may take to approve written materials nor does it prescribe how any approvals are to be communicated.

C.      **First Amendment Retaliation**

43.      In April 2015 Plaintiff travelled to Washington, D.C.  Before her departure, and in anticipation of missing classes during her travel, Plaintiff informed her professors of her plans so that her absences would be excused.

44.      When Plaintiff returned to ceramics class on April 14, 2015, Defendant Doug Peck, her professor, inquired about the purpose of her trip.  Plaintiff responded that she met with other "liberty folks" in Washington, D.C. and did some sightseeing.

45.      At the next class period on April 16, 2015, Defendant Peck persisted in questioning Plaintiff regarding her Washington, D.C. trip.  He probed why YAL would assist Plaintiff in travelling to Washington, D.C.  Defendant Peck stated that he remembered there had been some media attention when Defendant Rich stopped Plaintiff from recruiting YAL members when a video recording of the incident was published online.  Defendant Peck noted that comments were posted to the online articles reporting on the video suggesting Plaintiff should seek legal redress and sue Blinn College.

46.      Defendant Peck warned Plaintiff to "think really hard" before "bringing some organization to campus" that would "cause havoc" for the college.  Defendant Peck further asserted that he would "protect me and mine" from any accusations against Blinn College and that Plaintiff "better think" before taking further action.

47.      Defendant Peck made these statements in front of four other students.

48.     Plaintiff felt like Defendant Peck was attempting to intimidate her. She was concerned about his warning and understood it to mean she faced adverse actions by her professor if she chose to assert her constitutional rights.

## VI.     CAUSES OF ACTION

### COUNT I
### As-Applied Violation of Plaintiff's Rights to Free Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Facilities Policy
### (Defendant Rich)

49.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

50.     The First and Fourteenth Amendments extend to campuses of state colleges and universities. *Healy v. James*, 408 U.S. at 180.

51.     Defendant Rich enforced the Facilities Policy to prevent Plaintiff from advocating and distributing literature outside the school's "Free Speech Area."

52.     Defendant Rich violated clearly established constitutional rights of which any reasonable college official should have known, rendering her liable to Plaintiff under 42 U.S.C. § 1983.

53.     The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief.  Additionally Plaintiff experienced emotional injury as a consequence of being denied her First Amendment rights.

54.     Plaintiff is entitled to a declaration that Defendant violated her First Amendment rights. Additionally, Plaintiff is entitled to damages in an amount to be determined by the evidence of this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**COUNT II**

**As-Applied Violation of Plaintiff's Rights to Free Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Student Expression Policy (Defendant Brown)**

55.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

56.     The First and Fourteenth Amendments extend to campuses of state colleges and universities.  *Healy v. James*, 408 U.S. at 180.

57.     For almost two months Defendant Brown withheld approval of Plaintiff's Palm Card that informs students of their Fifth Amendment rights.

58.     As a direct result of Defendant's failure to timely approve Plaintiff's Palm Card, Plaintiff has been unable to freely express her beliefs and her outreach efforts have been curtailed for fear of being disciplined.

59.     Defendant Brown violated a clearly established constitutional right of which all reasonable college administrators and staff should have known, rendering her liable to Plaintiff under 42 U.S.C. § 1983.

60.     The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief.  Additionally, Plaintiff experienced emotional injury as a consequence of being denied her First Amendment rights.

61.     Plaintiff is entitled to a declaration that Defendant violated her First Amendment rights.  Plaintiff is also entitled to damages in an amount to be determined by the evidence of this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**COUNT III**
**Facial Challenge to Violation of Right to Free Speech Under the Plaintiff's First and**
**Fourteenth Amendment Rights (42 U.S.C. § 1983) – Facilities Policy**
**(Defendants Guzman, Crowson, and Rich)**

62.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

63.     Through policy and practice Defendants have promulgated and enforced a "Free Speech Area" that quarantines free expression to a tiny fraction of the Blinn College campus, despite the fact that the college has many open areas and sidewalks that are suitable for expressive activities.

64.     Restricting all First Amendment activity to a designated "Free Speech Area" impermissibly restricts student expression, does not serve a significant government interest, and is unconstitutionally overbroad.

65.     Defendant Guzman is responsible for Blinn College's administration and policy-making and has supervisory authority over Defendant Crowson and ultimate authority to approve the Free Speech Area policy challenged herein.

66.     Defendant Crowson has authority to designate "one or more areas" of the college as areas for free expression.

67.     Defendant Rich oversees implementation and enforcement of the Free Speech Area policy challenged herein.

68.     In their official capacities, these Defendants informed the Plaintiff of the restrictions imposed by the Facilities policy.

69.     As a legal consequence of the Defendants' violation of the Plaintiff's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of

which is irreparable injury *per se*, Plaintiff is entitled to declaratory and injunctive relief, damages, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**COUNT IV**
**Facial Challenge to Violation of Right to Free Speech Under**
**the First and Fourteenth Amendments (42 U.S.C. § 1983) – Student Expression Policy –**
**Approval for Activities**
**(Defendants Guzman, Crowson, and Brown)**

70.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

71.     Students have a First Amendment right to engage in expressive activities in the public areas of a state college without obtaining advance permission from government officials. *Papish v. Board of Curators of Univ. of Mo.*, 410 U.S. 667 (1973); *Justice for All v. Faulkner*, 410 F.3d 760 (5th Cir. 2005); *Smith v. Tarrant County Coll. Dist.*, 694 F. Supp. 2d 610 (N.D. Tex. 2010); *Roberts v. Haragan*, 346 F. Supp. 2d 853 (N.D. Tex. 2004).

72.     Blinn College's policies that require all students to obtain permission before engaging in expressive activities on- or off-campus are an unconstitutional prior restraint.  Blinn College's policies that require all student groups to request permission days in advance to engage in expressive activity are an unconstitutional prior restraint.

73.     Blinn College's policies unconstitutionally subject the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority.  *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969).

74.     Blinn College's policies unconstitutionally prohibit students from engaging in spontaneous expression due to the requirements to seek permission before speaking.

75.     A permitting requirement is a prior restraint on speech and therefore bears a heavy presumption against its constitutionality. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Berger v. City of Seattle*, 569 F.3d 1029, 1037 (9th Cir. 2009); *Roberts v. Haragan*, 346 F. Supp. 2d 853, 869–70 (N.D. Tex. 2004).

76.     Advance notice and permitting requirements are presumptively invalid because of the significant burden they place on free speech.  The Supreme Court has labeled prior restraint on speech as "the essence of censorship."  *Near v. Minnesota*, 283 U.S. 697, 713 (1931). Such restrictions are "the most serious and the least tolerable on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

77.     Defendant Guzman is responsible for Blinn College's administration and policy-making and has ultimate authority to approve the policies challenged herein.

78.     Defendants Crowson and Brown oversee implementation and enforcement of the policies challenged herein.  In their official capacities, these Defendants informed the Plaintiff of the restrictions imposed by the Student Expression Policy.

79.     As a legal consequence of the Defendants' violation of Plaintiff's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which is irreparable injury *per se*, Plaintiff is entitled to declaratory and injunctive relief, damages, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**COUNT V**
**Facial Challenge to Violation of Right to Free Speech Under**
**the First and Fourteenth Amendments (42 U.S.C. § 1983) – Student Expression Policy –**
**Approval for Flyers and Written Materials**
**(Defendants Guzman, Crowson, and Brown)**

80.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

81.     Students have a First Amendment right to distribute written materials in the public areas of a state college without obtaining advance permission from government officials. *Papish v. Board of Curators of Univ. of Mo.*, 410 U.S. 667 (1973); *Justice for All v. Faulkner*, 410 F.3d 760 (5th Cir. 2005); *Smith v. Tarrant County Coll. Dist.*, 694 F. Supp. 2d 610 (N.D. Tex. 2010); *Roberts v. Haragan*, 346 F. Supp. 2d 853 (N.D. Tex. 2004).

82.     Blinn College's policies that require all students to obtain permission before distributing flyers are an unconstitutional prior restraint.

83.     Blinn College's policies unconstitutionally subject the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority.  *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969).

84.     Blinn College's policies unconstitutionally prohibit students from engaging in spontaneous expression due to the requirements to obtain approval of flyers and other written materials before posting them or distributing them to the campus community.

85.     A permitting requirement is a prior restraint on speech and therefore bears a heavy presumption against its constitutionality.  *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Berger v. City of Seattle*, 569 F.3d 1029, 1037 (9th Cir. 2009); *Roberts v. Haragan*, 346 F. Supp. 2d 853, 869–70 (N.D. Tex. 2004).

86.     Advance notice and permitting requirements are presumptively invalid because of the significant burden they place on free speech.  The Supreme Court has labeled prior restraint on speech as "the essence of censorship."  *Near v. Minnesota*, 283 U.S. 697, 713 (1931). Such restrictions are "the most serious and the least tolerable on First Amendment rights."  *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

87.     Defendant Guzman is responsible for Blinn College's administration and policy-making and has ultimate authority to approve the policies challenged herein.

88.     Defendants Crowson and Brown oversee implementation and enforcement of the policies challenged herein.  In their official capacities, these Defendants informed the Plaintiff of the restrictions imposed by the Student Expression Policy.

89.     As a legal consequence of the Defendants' violation of Plaintiff's and other similarly situated students' First and Fourteenth Amendment rights, as alleged above, all of which is irreparable injury *per se*, Plaintiff is entitled to declaratory and injunctive relief, damages, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

**COUNT VI**
**As-Applied Violation of Plaintiff's Right to Free Speech**
**Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Retaliation**
**(Defendant Peck)**

90.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

91.     Plaintiff's activities at Blinn College, including recruiting club members, displaying political posters, and distributing leaflets, were speech acts protected from infringement by the First Amendment of the U.S. Constitution.

92.     Defendant Peck's actions to deter Plaintiff from engaging in free expression, including attempting to intimidate Plaintiff to not file the instant lawsuit, were a reaction to Plaintiff's exercise of her First Amendment freedoms and violate the First and Fourteenth Amendments.

93.     By attempting to silence Plaintiff and prevent her from filing the instant suit, Defendant Peck violated a clearly established constitutional right of which all reasonable

college administrators, faculty, and staff should have known, rendering him liable to Plaintiff under 42 U.S.C. § 1983.

94.     The denial of constitutional rights is irreparable injury *per se*, and Plaintiff is entitled to declaratory and injunctive relief.  Additionally, Plaintiff experienced emotional injury as a consequence of being denied her First Amendment rights.

95.     Plaintiff is entitled to a declaration that Defendants violated her First Amendment rights.  Additionally, Plaintiff is entitled to damages in an amount to be determined by the evidence of this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## COUNT VII
### Declaratory Judgment and Injunction (28 U.S.C. § 2201, et seq.)

96.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

97.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning Plaintiff's rights under the United States Constitution.  A judicial declaration is necessary and appropriate at this time as to Counts I through V above.

98.     Plaintiff desires a judicial determination of her rights against Defendants as they pertain to Plaintiff's right to speak without being subjected to content-based requirements, a "Free Speech Area" policy, and other policies that impose prior restraints on speech, give school officials unlimited discretion whether to allow expression and under what conditions, and that are vague, overbroad, and that are not narrowly tailored to serve a substantial governmental interest.

99.     To prevent further violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment issue, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring the Blinn College policies unconstitutional.

100.    Pursuant to 28 U.S.C. § 2202 and Federal Rule of Civil Procedure 65, this Court should issue a permanent injunction prohibiting the Defendants from enforcing their restrictions on Plaintiff's expressive activities to the extent they are unconstitutional, to prevent the ongoing violation of Plaintiff's constitutional rights.

101.    Plaintiff and her fellow students are suffering irreparable harm from continued enforcement of Blinn College's unconstitutional policies, monetary damages are inadequate to remedy her harm, and the balance of equities and public interest both favor a grant of injunctive relief.

## VII.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against Defendants and provide Plaintiff the following relief:

A.      A declaratory judgment stating that Defendants' policies as specified in this Complaint facially and as-applied to Plaintiff are unconstitutional and that they violate the Plaintiff's rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

B.      A permanent injunction restraining enforcement of Defendants' unconstitutional policies and enforcement practices;

C.      A declaratory judgment that Defendants' censorship of Plaintiff's expressive activities violated her First and Fourteenth Amendment rights;

D.      Monetary damages in an amount to be determined by the Court to compensate Plaintiff for the impact of a deprivation of fundamental rights;

E.      Plaintiff's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988, and other applicable law; and

F.      All other further relief to which Plaintiff may be entitled.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated:  May 20, 2015

Respectfully submitted,

/s/ Nicole L. Williams

Nicole L. Williams
Texas State Bar No. 24041784
  Nicole.Williams@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1149

Robert Corn-Revere (*pro hac vice* application to be submitted)
  bobcornrevere@dwt.com
Ronald G. London (*pro hac vice* application to be submitted)
  ronnielondon@dwt.com
Lisa B. Zycherman (*pro hac vice* application to be submitted)
  lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
Telephone: (202) 973-4200

Attorneys for Nicole Sanders