UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE SANDERS | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Cause No. 1:15-cv-426 |
| | § | |
| ANA GUZMAN *et al* | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS ANA GUZMAN, DENNIS CROWSON, ERIKAH BROWN, and SHERI RICH'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

The Defendants Ana Guzman, Dennis Crowson, Erikah Brown, and Sheri Rich answer Plaintiff's complaint as follows:

### DEFENSES

In asserting the following defenses, Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon them, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff.  Moreover, by asserting any defense Defendants do not admit any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiff's lawsuit.  Without admitting liability as to any of the Plaintiff's causes of action, Defendants assert the following defenses:

1.      The individual defendants have qualified immunity from all claims.

2.      Plaintiff's claims are moot.

3.      Plaintiff lacks standing to assert some of the claims asserted in the lawsuit.

1

4.      Plaintiff states that she has sued the individual defendants in their official capacities.   Because official capacity suits are the equivalent of an action against the governmental entity, the real defendant is Blinn College and not its officials.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   Accordingly, this answer will refer to the official capacity defendants collectively as "Blinn College."  Further, because Guzman is no longer an employee of Blinn College, she is not a proper party to this action in any capacity.

5.      Plaintiff may not obtain any punitive damages from Blinn College.   Blinn is immune from all such claims as a matter of law.  *See* 42 U.S.C. § 1981a(b); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## ANSWER

Without waiving any of their Affirmative Defenses, the Defendants respond to the Original Complaint in a manner that corresponds with each of Plaintiff's paragraphs.

1.      Plaintiff's paragraph 1 contains a quotation from a court opinion.  Defendants are not required to admit or deny Plaintiff's contention of law.   The case law speaks for itself. Defendants deny the factual averment that "Blinn College has prevented Plaintiff Nicole Sanders from freely expressing her political beliefs on campus."

2.      Plaintiff's paragraph 2 contains a quotation from a court opinion and contentions of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  Defendants admit that Blinn College is a public institution of higher education that is subject to the First Amendment.  Defendants deny the remaining factual averments in Plaintiff's paragraph 2.

3.      The Defendants deny that Blinn College silences student speech, and it denies Plaintiff's characterization of events as described in Plaintiff's paragraph 3.

4.      The Defendants deny the averments in Plaintiff's paragraph 4.

5.      The Defendants deny that Blinn College unconstitutionally restricts students' free speech rights as alleged in Plaintiff's paragraph 5.

6.      This averment does not require a response.

7.      The Defendants admit that the Court has jurisdiction.

8.      The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, the Defendants admit that the Court has authority to grant the requested relief.  The Defendants deny that the Plaintiffs are entitled to any of the requested relief.

9.      The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, the Defendants admit that the Court has authority to grant the requested relief.  The Defendants deny that the Plaintiffs are entitled to any of the requested relief.

10.      The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, the Defendants admit that the Court has authority to grant the requested relief.  The Defendants deny that the Plaintiffs are entitled to any of the requested relief.

11.      The Defendants admit that venue is proper.

12.      The Defendants lack personal knowledge about Plaintiff's residence and activities.  The Defendants presume that these averments are true.

13.      Defendants deny that Ana M. Guzman is the interim president of Blinn College. She is the former interim president.  The Defendants deny that Guzman was responsible for "policy-making" or that she had "ultimate authority to approve the policies and procedures that were applied to deprive Plaintiff of her constitutional rights."  Plaintiff's assertion that Guzman "acted under color of state law" is vague and therefore cannot be admitted or denied as worded. The Defendants deny any implication that Guzman violated Plaintiff's constitutional rights.

14.     Defendants admit that Dennis Crowson is the senior vice president of student services at Blinn College and that Plaintiff has sued him in his official capacity.  Plaintiff's assertion that Crowson "acted under color of state law" is vague and cannot be admitted or denied as worded.  The Defendants deny any implication that Crowson violated Plaintiff's constitutional rights.

15.     Defendants admit that, at the time of the events alleged in the lawsuit, Erikah Brown was the coordinator of student clubs and activities at Blinn College and that Plaintiff has sued Brown in her official and individual capacities.  Plaintiff's assertion that Brown "acted under color of state law" is vague and cannot be admitted or denied as worded.  The Defendants deny any implication that Brown violated Plaintiff's constitutional rights.

16.     Defendants admit that Sheri Rich is the coordinator of the student center at Blinn College and that Plaintiff has sued Rich in her official and individual capacities.  Plaintiff's assertion that Rich "acted under color of state law" is vague and cannot be admitted or denied as worded.  The Defendants deny any implication that Rich violated Plaintiff's constitutional rights.

17.     Defendants admit that Doug Peck is a professor at Blinn College and that Plaintiff has sued Peck in his official and individual capacities.  Plaintiff's assertion that Peck "acted under color of state law" is vague and cannot be admitted or denied as worded.  The Defendants deny any implication that Peck violated Plaintiff's constitutional rights.

18.     Defendants admit that YAL is a registered student organization. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding the purpose or size of YAL.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding her personal plans for YAL.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that, in "the last week of January," Plaintiff met with Defendant Brown to discuss her plans to recruit students to join YAL outside the student center the following week.  Defendants admit that Plaintiff did speak with Brown about forming a club.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that Brown informed Plaintiff that she could engage in recruitment in the area around the Student Center and did not need any permission as long as she did not use a table.  Defendant Brown admits that she has made this type of statement to registered student organizations.

22.     Defendants admit that Plaintiff was able to display her posters outside of the Student Center on February 2, 2015.  Defendants deny that Plaintiff and her companion were "instructed" to engage in these activities.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that Plaintiff stood for one and a half hours outside the Student Center.

23.     Defendants deny that three armed police officers approached Plaintiff. Defendants admit that one or more officers were in the vicinity.  Defendants admit that Rich spoke to Plaintiff in the Student Center on February 2, 2015.  Defendants admit that Rich said that "we just got an email with a complaint."  Defendants deny that Rich referenced "collect[ing] signatures and display[ing] her signs."  Defendants admit that Rich initially referenced needing permission for certain activities; however, Rich also stated that Plaintiff would need to speak with the dean to obtain information about the rules.

24.     Defendants deny that Plaintiff's companion asked about "approaching students outside at a public college."  Defendants admit that Rich initially described Blinn as "private"

but then immediately stated "actually it's a community college."  Defendants deny the accuracy

and/or completeness of the remaining statements attributed to Rich.

25.    Defendants admit that Rich told Plaintiff that she did not have the authority to

give permission.  Defendants deny that Rich said that Plaintiff needed permission from the Dean

of Student Life "before Plaintiff could engage in expressive activities on campus."  Defendants

admit that Rich told Plaintiff that she would need to contact the dean to find out what was

"allowed or not."

26.    Defendants admit that Rich said that she did not know a specific policy that

prevented recruiting.  Defendants admit that Rich referred Plaintiff to the Dean of Student Life to

"see what he tells you.  And he may tell you you can, but we've had to chase people off before,

they just –."  Defendants deny the remaining averments in this paragraph.

27.    Defendants admit that Rich said that she is not against guns "But on campus? I'm

not so sure."

28.    Defendants admit that Plaintiff sent an email to Mordecai Brownlee on February

2, 2015, stating "I was asked to stop and leave by administration and campus police" and asking

"which policies I violated."

29.     Defendants admit that Brownlee responded on February 3, 2015, and referred

Plaintiff to two College policies.  Defendants admit that Brownlee stated that it was his

understanding that Plaintiff desired to start a club and to recruit members but that she had not

completed an official event request for an event in the Student Center.  Defendants admit that

Brownlee encouraged Plaintiff to exercise her freedom of speech and to follow institutional

protocol regarding time, place, and manner restrictions.

30.     Defendants admit that Blinn College has a policy entitled 'Student Expression: Student Use of College District" and that Brownlee provided the Plaintiff with a link to the policy.   The policy speaks for itself.   Defendants deny that "all Blinn College students" must obtain permission from Dennis Crowson to "meet on College District premises."

31.     The Defendants deny the allegations in Plaintiffs' paragraph 31.

32.     Defendants admit that the Student Leadership and Activities Office utilized a form entitled "Activity Request Form" that assisted in event planning and provided information for the campus calendar.   Defendants admit that the Student Leadership and Activities Office utilized an "Activity Report Form" for organizations to provide information regarding past events.

33.     Denied.

34.     Defendants admit that Plaintiff's Exhibits F and G show an area where students could engage in expressive activities.   The remaining allegations in Plaintiff's paragraph 34 are denied.

35.     Plaintiff's paragraph 35 is overly broad and vague and contains Plaintiff's opinion and thus does not require a response from Defendants.   However, Defendants admit that Blinn College has open areas and sidewalks beyond the free speech area referenced in paragraph 34.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding her personal plans and desires.

37.     Denied.

38.     Denied.

39.     Admitted.

40.      Defendants deny that Erikah Brown failed to promptly notify Plaintiff whether she could distribute the material referenced in Paragraph 39.  Brown notified Plaintiff in person that her materials were approved.  Defendants admit that Plaintiff sent an email on April 8, 2015, purporting to inquire about the status of the approval of the materials.

41.      The policy referenced in Plaintiff's paragraph 41 speaks for itself.

42.      The policy referenced in Plaintiff's paragraph 42 speaks for itself.

43.      Defendants presume that it is true that Plaintiff travelled to Washington, D.C., in April 2015.  Defendants admit that Plaintiff informed her professors about her planned absences. Defendants deny the implication that it was up to Plaintiff to decide whether the absences would be excused.

44.      Defendants admit that, on April 14, 2015, Plaintiff returned to her ceramics class and volunteered information about her recent trip to Washington, D.C.  Defendants deny that Defendant Peck inquired "about the purpose of her trip."

45.      Defendants deny the allegations in Plaintiff's paragraph 45.

46.      Defendants deny the accuracy of Plaintiff's characterization of her conversation with Doug Peck.  Plaintiff's characterization has taken words out of context; therefore, the allegations in this paragraph are denied.

47.      Defendants admit that some students were present but Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that "four" students were present and heard the conversation between Plaintiff and Peck.

48.      Denied.

### Response to "Causes of Action"

49.      To the extent necessary, Defendants repeat their responses to Paragraphs 1-48.

50.     Plaintiff's paragraph 50 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-54.

56.     Plaintiff's paragraph 56 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-61.

63.     Denied.

64.     Plaintiff's paragraph 64 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.

65.     Denied.

66.     Admitted.

67.     Denied.

68.     This averment is vague and ambiguous and contains a contention of law and therefore cannot be admitted or denied as written.

69.     Denied.

70.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-69.

71.     Plaintiff's paragraph 71 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Plaintiff's paragraph 75 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The cases cited speak for themselves.

76.     Plaintiff's paragraph 76 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

77.     Denied.

78.     Defendants admit that Crowson and Brown oversaw implementation of some of the policies identified in Plaintiff's complaint.  The remaining averments in this paragraph are denied.

79.     Denied.

80.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-79.

81.     Plaintiff's paragraph 81 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Plaintiff's paragraph 85 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

86.     Plaintiff's paragraph 86 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

87.     Denied.

88.     Defendants admit that Crowson and Brown oversaw implementation of some of the policies identified in Plaintiff's complaint.  The remaining averments in this paragraph are denied.

89.     Denied.

90.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-89.

91.     Plaintiff's paragraph 91 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  Additionally, the reference to "Plaintiff's activities at Blinn College" is vague and overbroad and cannot be admitted or denied as written.

92.     Defendants deny that Peck attempted to deter or intimidate Plaintiff or that he reacted in a retaliatory manner to any free speech activities by Plaintiff.  Defendants deny that Plaintiff was intimidated or deterred.   Defendants deny that Peck violated Plaintiff's constitutional rights.

93.     Denied.

94.     Denied.

95.     Denied.

96.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-95.

97.     Denied.  Further, Plaintiff's claims are moot.

98.     Defendants deny that Plaintiff is entitled to the requested relief and deny that Defendants have violated Plaintiff's rights.

99.     Defendants deny that Plaintiff is entitled to the requested relief and deny that Defendants have violated Plaintiff's rights.

100.     Defendants deny that Plaintiff is entitled to the requested relief and deny that Defendants have violated Plaintiff's rights

101.     Denied.

### Response to "Prayer for Relief"

Defendants deny that Plaintiff is entitled to any relief as stated in Paragraphs A - F.

### CONCLUSION

The Defendants pray that the Court will dismiss the claims asserted by Plaintiff; that Plaintiff take nothing by this action; that the Defendants recover their costs and reasonable attorneys' fees; and that the Defendants receive such other and further relief, both in equity and in law, to which they have shown themselves justly entitled.

Respectfully Submitted,

THOMPSON & HORTON LLP

By: /s/ Lisa A. Brown
        Lisa A. Brown
        State Bar No.: 03151470

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:  (713) 554-6751
Facsimile:   (711) 583-7698
lbrown@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS ANA GUZMAN, DENNIS CROWSON, ERIKAH BROWN, SHERI RICH, AND DOUG PECK**

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd of August 2015, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

*Attorney for Plaintiff:*
Nicole L. Williams
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201

/s/ Lisa A. Brown
Lisa A. Brown

678693
093370.000019