UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICOLE SANDERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Cause No. 1:15-cv-426 |
| | § | |
| MARY HENSLEY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendants Mary Hensley, Dennis Crowson, Sheri Rich, and Erikah Brown answer plaintiff Nicole Sanders' First Amended Complaint for Injunctive and Declaratory Relief and Damages ("Complaint") as follows:

## DEFENSES

In asserting the following defenses, Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon them, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, by asserting any defense, Defendants do not admit any liability, but, to the contrary, specifically deny any and all allegations of liability in Plaintiff's lawsuit. Without admitting liability as to any of Plaintiff's causes of action, Defendants assert the following defenses:

1. The individual defendants have qualified immunity from all claims.

2. Plaintiff's claims are moot.

3. Plaintiff lacks standing to assert some of the claims asserted in the lawsuit.

4. Plaintiff states that she has sued the individual defendants in their official capacities. Because official capacity suits are the equivalent of an action against the governmental entity, the real defendant is Blinn College and not its officials. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, this answer will refer to the official capacity defendants collectively as "Blinn College."

5. Plaintiff may not obtain any punitive damages from Blinn College. Blinn is immune from all such claims as a matter of law. *See* 42 U.S.C. § 1981a(b); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## ANSWER

Without waiving any of their Affirmative Defenses, Defendants respond to the Complaint in a manner that corresponds with each of Plaintiff's paragraphs.

1. Plaintiff's paragraph 1 contains a quotation from a court opinion. Defendants are not required to admit or deny Plaintiff's contention of law. The case law speaks for itself. Defendants deny the factual averment that "Blinn College has prevented Plaintiff Nicole Sanders from freely expressing her political beliefs on campus."

2. Plaintiff's paragraph 2 contains a quotation from a court opinion and contentions of law. Defendants are not required to admit or deny Plaintiff's contention of law. Defendants admit that Blinn College is a public institution of higher education that is subject to the First Amendment. Defendants deny the remaining factual averments in Plaintiff's paragraph 2.

3. The Defendants deny that Blinn College silences student speech, and they deny Plaintiff's characterization of events as described in Plaintiff's paragraph 3.

4. The Defendants deny the averments in Plaintiff's paragraph 4.

5.   Defendants admit that Blinn College implemented new administrative procedures prior to the fall semester of the 2015-2016 academic year.  Defendants deny the remaining factual averments in Plaintiff's paragraph 5.

6.   The Defendants deny that Blinn College unconstitutionally restricts students' free speech rights as alleged in Plaintiff's paragraph 6.  The Defendants deny that the Plaintiff has standing to assert the rights of third parties.

### RESPONSE TO PORTION OF AMENDED COMPLAINT ENTITLED "JURISDICTION AND VENUE"

7.   This averment does not require a response.

8.   The Defendants admit that the Court has jurisdiction.

9.   The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, Defendants admit that the Court has authority to grant the requested relief. The Defendants deny that the Plaintiff is entitled to any of the requested relief.

10.   The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, the Defendants admit that the Court has authority to grant the requested relief.  The Defendants deny that the Plaintiffs are entitled to any of the requested relief.

11.   The Defendants are not required to admit or deny Plaintiff's contention of law. Responding further, the Defendants admit that the Court has authority to grant the requested relief.  The Defendants deny that the Plaintiffs are entitled to any of the requested relief.

12.   The Defendants admit that venue is proper.

### RESPONSE TO PORTION OF AMENDED COMPLAINT ENTITLED "PLAINTIFF"

13.   The Defendants lack personal knowledge about Plaintiff's residence or activities. The Defendants presume that these averments are true.

**RESPONSE TO PORTION OF AMENDED COMPLAINT ENTITLED "DEFENDANTS"**

14. Defendants admit that Mary Hensley is the District President of Blinn College. Defendants admit further that Blinn College is a public institution. Defendants admit that Ana M. Guzman is a former Interim District President of Blinn College. Defendants deny that the Blinn College president is responsible for "policy-making" or has the "ultimate authority to approve the policies and procedures that were applied to deprive Plaintiff of her constitutional rights." Plaintiff's assertion that Guzman "acted under color of state law" is vague and therefore cannot be admitted or denied as worded. The Defendants deny any implication that Guzman or Hensley violated Plaintiff's constitutional rights.

15. Defendants admit that Dennis Crowson is the senior vice president of student services at Blinn College and that Plaintiff has sued him in his official capacity. Plaintiff's assertion that Crowson "acted under color of state law" is vague and cannot be admitted or denied as worded. Defendants deny any implication that Crowson violated Plaintiff's constitutional rights.

16. Defendants admit that, at the time of the events alleged in the lawsuit, Erikah Brown was the coordinator of student clubs and activities at Blinn College. Defendants admit Plaintiff has sued Brown in her official and individual capacities. Plaintiff's assertion that Brown "acted under color of state law" is vague and cannot be admitted or denied as worded. Defendants deny any implication that Brown violated Plaintiff's constitutional rights.

17. Defendants admit that Sheri Rich is the coordinator of the student center at Blinn College and that Plaintiff has sued Rich in her official and individual capacities. Plaintiff's assertion that Rich "acted under color of state law" is vague and cannot be admitted or denied as worded. Defendants deny any implication that Rich violated Plaintiff's constitutional rights.

## RESPONSE TO PORTION OF AMENDED COMPLAINT
## ENTITLED "STATEMENT OF FACTS"

18. Defendants admit that YAL is a registered student organization. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding the purpose or size of YAL.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding her personal plans for YAL.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that, in "the last week of January," Plaintiff met with Defendant Brown to "discuss her plans to recruit students to join YAL outside the student center the following week." Defendants admit that Plaintiff did speak with Brown about forming a club.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that Brown informed Plaintiff that she could engage in recruitment in the area around the Student Center and did not need any permission as long as she did not use a table. Defendant Brown admits that she has made this type of statement to registered student organizations.

22. Defendants admit that Plaintiff was able to display her posters outside of the Student Center on February 2, 2015. Defendants deny that Plaintiff and her companion were "instructed" to engage in these activities. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that Plaintiff stood for one and a half hours outside the Student Center.

23. Defendants deny that three armed police officers approached Plaintiff. Defendants admit that one or more officers were in the vicinity. Defendants admit that Rich spoke to Plaintiff in the Student Center on February 2, 2015. Defendants admit that Rich said

5

that "we just got an email with a complaint." Defendants deny that Rich referenced "collect[ing] signatures and display[ing] her signs." Defendants admit that Rich initially referenced needing permission for certain activities; however, Rich also stated that Plaintiff would need to speak with the dean to obtain information about the rules.

24. Defendants deny that Plaintiff's companion asked about "approaching students outside at a public college." Defendants admit that Rich initially described Blinn as "private" but then immediately stated "actually it's a community college." Defendants deny the accuracy and/or completeness of the remaining statements attributed to Rich.

25. Defendants admit that Rich told Plaintiff that she did not have the authority to give permission. Defendants deny that Rich said that Plaintiff needed permission from the Dean of Student Life "before Plaintiff could engage in expressive activities on campus." Defendants admit that Rich told Plaintiff that she would need to contact the dean to find out what was "allowed or not."

26. Defendants admit that Rich said that she did not know a specific policy that prevented recruiting. Defendants admit that Rich referred Plaintiff to the Dean of Student Life to "see what he tells you. And he may tell you you can, but we've had to chase people off before, they just –." Defendants deny the remaining averments in this paragraph.

27. Defendants admit that Rich said that she is not against guns "But on campus? I'm not so sure."

28. Defendants admit that Plaintiff sent an email to Mordecai Brownlee on February 2, 2015, stating "I was asked to stop and leave by administration and campus police" and asking "which policies I violated."

6

29.     Defendants admit that Brownlee responded on February 3, 2015, and referred Plaintiff to two College policies.  Defendants admit that Brownlee stated that it was his understanding that Plaintiff desired to start a club and to recruit members but that she had not completed an official event request for an event in the Student Center.  Defendants admit that Brownlee encouraged Plaintiff to exercise her freedom of speech and to follow institutional protocol regarding time, place, and manner restrictions.

30.     Defendants admit that Blinn College maintains a Board Policy, policy FLAA, entitled "Student Expression: Student Use of College District," and that Brownlee provided the Plaintiff with a link to the policy.  The policy speaks for itself.  Defendants deny that "all Blinn College students" must obtain permission from Dennis Crowson to "meet on College District premises."  Defendants deny that violations of policy automatically results in suspension or other disciplinary action.

31.     The Defendants deny the allegations in Plaintiff's paragraph 31.

32.     Defendants admit that the Student Leadership and Activities Office utilized a form entitled "Activity Request Form" that assisted in event planning and provided information for the campus calendar.  Defendants admit that the Student Leadership and Activities Office utilized an "Activity Report Form" for organizations to provide information regarding past events.  The "Activity Request Form" speaks for itself.  Defendants deny the remaining factual averments in Plaintiff's paragraph 32.

33.     Denied.

34.     Defendants admit that Plaintiff's Exhibits F and G show an area where students could engage in expressive activities.  The remaining allegations in Plaintiff's paragraph 34 are denied.

35. Plaintiff's paragraph 35 is overly broad and vague and contains Plaintiff's opinion and thus does not require a response from Defendants. However, Defendants admit that Blinn College has open areas and sidewalks beyond the free speech area referenced in paragraph 34.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment regarding her personal plans and desires.

37. Denied.

38. Denied.

39. Admitted.

40. Defendants deny that Erikah Brown failed to promptly notify Plaintiff whether she could distribute the material referenced in Paragraph 39. Brown notified Plaintiff in person that her materials were approved. Defendants admit that Plaintiff sent an email on April 8, 2015, purporting to inquire about the status of the approval of the materials.

41. Defendants admit that Blinn College maintains a Board Policy, policy FLA, entitled "Student Rights and Responsibilities: Student Expression." The policy referenced in Plaintiff's paragraph 41 speaks for itself.

42. The policy referenced in Plaintiff's paragraph 42 speaks for itself.

43. Admitted.

44. The Defendants admit that administrative procedures are prepared and implemented by the administration to implement Board policy.

45. Admitted.

46. Plaintiff's assertion in paragraph 46 is purely plaintiff's opinion; no facts are alleged. Therefore, no response is required. Additionally, the procedures speak for themselves.

47.     Plaintiff's assertions in paragraph 47 include plaintiff's opinions, argument, and vague objections about the administrative procedure. The Defendants are not required to respond to Plaintiff's opinions, argument, and objections.   Responding further, the procedures speak for themselves.  To the extent needed, Defendants deny Plaintiff's claim that the prohibitions on disruptive conduct are constitutionally infirm.

48.     Plaintiff's assertions in paragraph 48 include plaintiff's opinions, argument, and vague objections about the administrative procedure. The Defendants are not required to respond to Plaintiff's opinions, argument, and vague objections.   Responding further, the procedures speak for themselves.  To the extent needed, Defendants deny Plaintiff's claim that the procedures are constitutionally infirm.

49.     Plaintiff's assertions in paragraph 49 include plaintiff's opinions and argument. The Defendants are not required to respond to Plaintiff's opinions and argument.   Responding further, the procedures speak for themselves.  To the extent needed, Defendants deny Plaintiff's claim that the procedures are constitutionally infirm.

50.     Plaintiff's assertions in paragraph 48 include plaintiff's opinions, argument, and objections about the administrative procedure. The Defendants are not required to respond to Plaintiff's opinions, argument, and objections.   Responding further, the procedures speak for themselves.  To the extent needed, Defendants deny Plaintiff's claim that the procedures are constitutionally infirm.

51.     Plaintiff's assertion in paragraph 51 includes incomplete quotations from the procedures.  Responding further, the procedures speak for themselves.

52.     Plaintiff's assertions in paragraph 48 include plaintiff's opinions, argument, and objections about the administrative procedure. The Defendants are not required to respond to

Plaintiff's opinions, argument, and objections.   Responding further, the procedures speak for themselves.  To the extent needed, Defendants deny that the procedures require prior review or act as a prior restraint on speech.

53.   Defendant denies Plaintiff's assertion in paragraph 53 that the administrative procedure prohibits anonymous speech.  Regarding Plaintiff's assertion regarding faculty, students, or staff having to produce identification upon request, the procedures speak for themselves.

## RESPONSE TO "CAUSES OF ACTION"

54.   To the extent necessary, Defendants repeat their responses to Paragraphs 1-53.

55.   Plaintiff's paragraph 55 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   To the extent necessary, Defendants repeat their responses to Paragraphs 1-59.

61.   Plaintiff's paragraph 61 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67. To the extent necessary, Defendants repeat their responses to Paragraphs 1-66.

68. Denied.

69. Plaintiff's paragraph 69 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law.

70. Plaintiff's paragraph 70 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law. The case cited speaks for itself.

71. Plaintiff's assertions in paragraph 71 include plaintiff's opinions and argument. The Defendants are not required to respond to Plaintiff's opinions and argument. Responding further, the procedures speak for themselves. To the extent needed, Defendants deny that the procedures act a prior restraint, are overbroad, or confer unfettered discretion.

72. Plaintiff's assertions in paragraph 72 include plaintiff's opinions and argument. The Defendants are not required to respond to Plaintiff's opinions and argument. Responding further, the procedures speak for themselves. To the extent needed, Defendants deny that the procedures are vague or overbroad or that they confer unfettered discretion.

73. Defendants admit that Mary Hensley leads the college administration and is the supervisor of Dennis Crowson. Defendants deny that Hensley is a final policy-maker for Blinn College or that she had "ultimate" authority to approve the Board policies challenged by the Plaintiff.

74. Plaintiff's paragraph 74 contains a contention of law and also is vague and lacks reasonable particularity and, as worded, cannot be admitted or denied without speculation as to Plaintiff's meaning.

75. Denied.

76.	Plaintiff's paragraph 76 contains a contention of law and also is vague and lacks reasonable particularity as to the four defendants and, as worded, cannot be admitted or denied.

77.	Denied.

78.	To the extent necessary, Defendants repeat their responses to Paragraphs 1-77.

79.	Plaintiff's paragraph 79 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

80.	Denied.

81.	Denied.

82.	Denied

83.	Plaintiff's paragraph 83 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The cases cited speak for themselves.

84.	Plaintiff's paragraph 84 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

85.	Plaintiff's paragraph 85 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

86.	Plaintiff's paragraph 86 contains a contention of law.  Defendants are not required to admit or deny Plaintiff's contention of law.  The case cited speaks for itself.

87.	Defendants admit that Mary Hensley leads the college administration and is the supervisor of Dennis Crowson.  Defendants deny that Hensley is a final policy-maker for Blinn College or that she had "ultimate" authority to approve the Board policies challenged by the Plaintiff.

88.     Defendants admit that Crowson and Brown oversaw implementation of some of the policies identified in Plaintiff's complaint. The remaining averments in this paragraph are denied.

89.     Denied.

90.     To the extent necessary, Defendants repeat their responses to Paragraphs 1-89.

91.     Plaintiff's paragraph 91 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

92.     Denied.

93.     Denied. The case cited speaks for itself.

94.     Denied.

95.     Denied. The procedures speak for themselves.

96.     Plaintiff's paragraph 96 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law. The case cited speaks for itself.

97.     Plaintiff's paragraph 97 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

98.     Plaintiff's paragraph 98 contains a contention of law. Defendants are not required to admit or deny Plaintiff's contention of law. The cases cited speak for themselves.

99.     Defendants admit that Hensley leads the college administration and is the supervisor of Crowson. Defendants deny that Hensley is a final policy-maker for Blinn College or that she had "ultimate" authority to approve the Board policies challenged by the Plaintiff.

100.    Defendants admit that Crowson and Brown oversaw implementation of some of the policies identified in Plaintiff's complaint. The remaining averments in this paragraph are denied.

101. Denied.

102. To the extent necessary, Defendants repeat their responses to Paragraphs 1-101.

103. Denied. Further, Plaintiff's claims are moot.

104. Defendants deny Plaintiff's factual averments, deny that Plaintiff is entitled to the requested relief, and deny that Defendants have violated Plaintiff's rights.

105. Defendants deny that Plaintiff is entitled to the requested relief and deny that Defendants have violated Plaintiff's rights.

106. Defendants deny that Plaintiff is entitled to the requested relief and deny that Defendants have violated Plaintiff's rights.

107. Denied.

## RESPONSE TO PLAINTIFF'S "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to any of the relief as requested in Plaintiff's paragraphs A-F.

## CONCLUSION

Defendants pray that the Court will dismiss all claims asserted by Plaintiff; that Plaintiff take nothing by this action; that Defendants recover their costs and reasonable attorneys' fees; and that Defendants receive such other and further relief, both in equity and in law, to which they have shown themselves justly entitled.

Respectfully submitted

**THOMPSON & HORTON LLP**

/s/ *Lisa A. Brown*
Lisa A. Brown
State Bar No.: 03151470
Federal I.D. No. 11478
3200 Southwest Freeway, Suite 2000

14

>Houston, Texas 77027
>Telephone: 713-554-6751
>Facsimile:  713-583-7698
>lbrown@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th of September 2015, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

>*Attorneys for Plaintiff:*
>
>Robert Corn-Revere
>Ronald G. London
>Lisa B. Zycherman
>Davis Wright Tremaine LLP
>1919 Pennsylvania Avenue, NW, Suite 800
>Washington DC 20006
>
>Nicole L. Williams
>Thompson & Knight LLP
>1722 Routh St., Suite 1500
>Dallas, Texas 75201

>/s/ *Lisa A. Brown*
>
>Lisa A. Brown

687961
093370.000019